DARRYL J. HOROWITT #100898
dhorowitt@ch-law.com
SHERRIE M. FLYNN #240215
sflynn@ch-law.com
COLEMAN & HOROWITT, LLP
499 W. Shaw Avenue, Suite 116
Fresno, CA 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiff,
WAYBACK FRANCHISING LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| WAYBACK FRANCHISING LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> MGHA RESTAURANTS, INC., a terminated California corporation; MOSA GAZALI, an individual; HUSEIN ALAMOODI, an individual; MSB MAIN STREET INC., a California corporation; KHALID ABDULQAWAI, an individual; OMAR ABDULQAWAI, an individual; GM FARM HOLDINGS, LLC, a California limited liability company; and DANA BUTCHER ASSOCIATES, a California corporation, <br><br> Defendants, <br><br> AND RELATED CROSS-ACTIONS. | Case No. 1:25-CV-00318-KES-BAM <br><br> **[PROPOSED]** STIPULATED PROTECTIVE ORDER <br><br> Trial Date: November 9, 2027 |

## I.   PURPOSES AND LIMITATIONS

1.1 Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

1  Accordingly, the parties, by and through counsel, hereby stipulate to, and petition the Court to
2  enter, the following Stipulated Protective Order ("**Order**"). The parties acknowledge that this
3  Order does not confer blanket protections on all disclosures or responses to discovery and that the
4  protection it affords from public disclosure and use extends only to the limited information or
5  items that are entitled to confidential treatment under the applicable legal principles. Further, this
6  Protective Order does not entitle the parties to file confidential information under seal. Rather,
7  when the parties seek permission from the court to file material under seal, the parties must
8  comply with Local Rule 141 and with any pertinent orders of the assigned District Judge and
9  Magistrate Judge.

10  1.2   Good Cause Statement. In light of the nature of the claims and allegations in this
11  case, this action is likely to involve sensitive commercial, financial, and/or proprietary
12  information for which special protection from public disclosure and from use for any purpose
13  other than prosecution of this action is warranted. Such confidential and proprietary materials and
14  information may consist of, among other things, competitively sensitive business information and
15  practices, including past, current, and future market analysis and business and market
16  development, financial records of entities and individuals, agreements with third parties, and
17  information otherwise generally unavailable to the public, or which may be privileged or
18  otherwise protected from disclosure under state or federal statutes, court rules, case decisions,
19  and/or common law. Additionally, information implicating privacy rights of third parties may
20  also be disclosed.

21  The parties shall not designate any information or items under this protective order without a good
22  faith belief that such information or items have been maintained in a confidential, non-public manner, and
23  that there is good cause or a compelling reason why it should not be part of the public record of this case.
24  Unrestricted or unprotective disclosure of such confidential information could result in prejudice or harm
25  to the producing party by revealing the producing party's competitive and confidential information. Such
26  information has been developed at the expense of the producing party and represents valuable and
27  intangible assets of that party. Additionally, any privacy interests must be safeguarded. Accordingly, the
28  parties respectfully submit that there is good cause for the entry of this Protective Order.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

## II.   DEFINITIONS

2.1   **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   **"CONFIDENTIAL" Information or Items**: information or tangible things that qualify for protection under relevant law and which the Designating Party maintains as confidential.

2.3   **Counsel (without qualifier)**: Outside Counsel of Record (as well as their support staff).

2.4   **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5   **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or owner of a Party or of a Party's competitor, (3) is not a percipient witness to any factual issue in this action; and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7   **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**: extremely sensitive "Confidential Information or Items", including but not limited to

proprietary trade secrets, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

  2.8 **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

  2.9 **Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action.

  2.10 **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

  2.11 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

  2.12 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

  2.13 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  2.14 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**III. SCOPE**

  The protections conferred by this Stipulation and Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure, independently discovered by the

Receiving Party, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## IV.     DURATION

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## V.     DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards required by this Order. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order,

1  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
2  under this Order must be clearly designated before the material is disclosed or produced.
3  Designation in conformity with this Order requires:

4       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents,
5  but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
6  Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
7  EYES ONLY" to each page that contains protected material. If only a portion or portions of the
8  material on a page qualifies for protection, the Producing Party also must clearly identify the
9  protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for
10 each portion, the level of protection being asserted.

11       (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
12 that the Designating Party identify on the record, before the close of the deposition, hearing, or
13 other proceeding, all protected testimony and specify the level of protection being asserted. When
14 it is impractical to identify separately each portion of testimony that is entitled to protection and it
15 appears that substantial portions of the testimony may qualify for protection, the Designating Party
16 may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right
17 to have up to seven days following the receipt of the transcript of the deposition and the reporter's
18 "read and sign" letter to identify the specific portions of the testimony as to which protection is
19 sought and to specify the level of protection being asserted. Only those portions of the testimony
20 that are appropriately designated for protection within the said seven days shall be covered by the
21 provisions of this Order.

22     Parties shall give the other parties at least three business days' notice if they reasonably
23 expect a deposition, hearing or other proceeding to include Protected Material so that the other
24 parties can ensure that only authorized individuals are present at those proceedings. The use of a
25 document as an exhibit at a deposition shall not in any way affect its designation as
26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

27     Transcripts containing Protected Material shall have an obvious legend on the title page
28 that the transcript contains Protected Material, and the title page shall be followed by a list of all

pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before expiration of the designation period shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix, to the extent practicable, in a prominent place the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

Should a Party wish to designate Disclosure or Discovery Material produced by another Party, such a designation shall be made by notifying the Producing Party in writing. Disclosure or Discovery Material produced by a Non-Party pursuant to a subpoena or other legal process shall be deemed "CONFIDENTIAL" Information or Items for a period of ten business days from the date of production, during which time any Party may designate all or any part of the Disclosure or Discovery Material produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", pursuant and subject to the terms of this Order.

5.3     Inadvertent Failures to Designate. In the event of an inadvertent failure to designate qualified information or items, the Designating Party shall give notice of such failure to all other Parties within three business days of the Designating Party's discovery of such failure to designate and, at that time, shall provide a duplicate copy of the subject qualified information or items bearing the appropriate designation in conformity with Paragraph 5.2 above. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and generally describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Paragraph 6.2 of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within five business days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge after considering the justification offered by the Designating Party, the Designating Party shall file and serve a motion to retain confidentiality of the subject materials within ten business days of the initial notice of challenge or within five business days of notice by the Challenging Party that the meet and confer process did not resolve the dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within ten business days (or five business days, if

1  applicable) shall automatically waive the confidentiality designation for each challenged
2  designation.

3      The burden of persuasion in any such challenge proceeding shall be on the Designating
4  Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose
5  unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions
6  and/or recovery of reasonable attorney fees. Unless the Designating Party has waived the
7  confidentiality designation by failing to file a motion to retain confidentiality as described above,
8  all parties shall continue to afford the material in question the level of protection to which it is
9  entitled under the Producing Party's designation until the Court rules on the motion.

10 **VII.  ACCESS TO AND USE OF PROTECTED MATERIAL**

11     7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or
12 produced by another Party or by a Non-Party in connection with this case only for prosecuting,
13 defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to
14 the categories of persons and under the conditions described in this Order. After the final
15 disposition of this litigation, a Receiving Party must comply with the provisions of Section XII.
16 below.

17     Protected Material must be stored and maintained by a Receiving Party at a location and in
18 a secure manner that ensures that access is limited to the persons authorized under this Order.

19     7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered
20 by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any
21 information or item designated "CONFIDENTIAL" only to:

22     (a) the Receiving Party's Outside Counsel of Record in this action, as well as
23 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
24 information for this litigation;

25     (b) the officers, directors, and employees of the Receiving Party to whom
26 disclosure is reasonably necessary for this litigation;

27     (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure
28 is reasonably necessary for this litigation and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A);

(d) a court of competent jurisdiction and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary For this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) a court of competent jurisdiction and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian

or other person who otherwise possessed or knew the information.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1 If a Party is served with a subpoena or a court order issued in other litigation for disclosure of Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2 If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a final determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

10.1   In the event of an inadvertent production of material subject to a claim of privilege or other protection, the Producing Party shall give notice to all other Parties, within three business days of the Designating Party's discovery of such inadvertent production, of such claim of privilege or other protection and the basis therefor. After receipt of such notice, any Receiving Party must promptly return or destroy the specified privileged or protected material (including copies, extracts, excerpts, summaries or compilations thereof), and may not sequester, use or disclose the material until the claim of privilege or protection is resolved pursuant to Section VI. above.

10.2   The inadvertent production of material subject to a claim of privilege or other protection shall not be deemed to be a waiver, in whole or in part, of a claim of privilege or other applicable protection from discovery.

## XI. MISCELLANEOUS

11.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

## XII. FINAL DISPOSITION

12.1   Within thirty business days after the final disposition of this litigation, as defined in Section IV, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

1  and expert work product, even if such materials contain Protected Material. Any such archival
2  copies that contain or constitute Protected Material remain subject to this Order as set forth in
3  Section IV.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

COLEMAN & HOROWITT, LLP

DATED: September 15, 2025                By */s/Darryl J. Horowitt*_____
    DARRYL J. HOROWITT
    JENNIFER T. POOCHIGIAN
    Attorneys for Plaintiff, WAYBACK FRANCHISING LLC, a Delaware limited liability company

ZELMS ERLICH LENKOV

DATED: September 15, 2025                By */s/Curtis A. Gole*_____
    CURTIS A. GOLE
    RINAT KLIER ERLICH
    Attorneys for Defendant, DANA BUTCHER ASSOCIATES

LAW OFFICE OF LANCE E. ARMO

DATED: September 15, 2025                By */s/Lance E. Armo*_____
    LANCE E. ARMO
    PAUL S. ARMO
    Attorneys for Defendants, MGHA RESTAURANTS, INC., MOSA GAZALI, HUSEIN ALAMOODI, KHALID ABDULQAWI, OMAR ABDULQAWAI, and MSB MAIN STREET INC.

BERLINER COHEN, LLP

DATED: September 15, 2025                By */s/Michael B. Ijams*_____
    MICHAEL B. IJAMS
    LINDSAY I. WALCZAK
    Attorneys for Defendant/Cross-Claimant, GM FARM HOLDINGS, LLC

**EXHIBIT "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court, Eastern District, on _____, in the case of WAYBACK FRANCHISING, LLC, v. MGHA RESTUARANTS, INC., ET AL., Case No. 1:25-CV-00318-KES-BAM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**ORDER**

The Court has reviewed the Stipulated Protective Order filed by Plaintiff Wayback Franchising LLC ("Plaintiff") and Defendants MGHA Restaurants, Inc., Mosa Gazali, Husein Alamoodi, Khalid Abdulqawai, Omar Abdulqawai, MSB Main Street Inc., Dana Butcher Associates, and GM Farm Holdings ("Defendants"), through their counsel of record, requesting that the Court enter an Order.

Having considered the above stipulation, and finding good cause, the Court adopts the signed stipulated protective order. (Doc. 39.)

The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to the protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

Additionally, the parties shall consider resolving any dispute arising under the protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated: __September 23, 2025__          /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE