UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYBACK FRANCHISING LLC,<br><br>Plaintiff,<br><br>v.<br><br>MGHA RESTAURANTS, INC., et al.,<br><br>Defendants.<br><br>GM FARM HOLDINGS, LLC,<br><br>Crossclaimant,<br><br>v.<br><br>DANA BUTCHER ASSOCIATES, et al.,<br><br>Cross-defendants. | Case No.  1:25-cv-00318-KES-FRS (EPG)<br><br>ORDER REGARDING MOTION TO WITHDRAW AS ATTORNEY<br><br>(ECF No. 48) |

This matter is before the Court on the motion of attorney Lance E. Armo of the Law Office of Lance E. Armo to be relieved as attorney of record for Defendants and Cross-Defendants MGHA Restaurants, Inc., MSB Main Street Inc., Mosa Gazali, Husein Alamoodi, Khalid Abdulqawai, Omar Abdulqawai, Waleed Abdulqawi, and Hafed Alwajih (collectively, "Clients"). (ECF No. 48, p. 2). As grounds, Attorney Armo contends that "a breakdown of the attorney-client relationship has taken place between Clients and their counsel of record." (ECF

1

No. 48-1, p. 2) Attorney Armo further contends that the Clients have been served with discovery and other requests from counsel for the other named parties, but Clients "continuously fail to answer/return phone calls, text messages, emails, and regular mail." (*Id.*) Attorney Armo states that "[p]ursuant to Clients' failure to communicate or respond to their counsels' numerous messages, counsel is unable to assist in resolving this matter, timely responding to discovery demands, propounding discovery, or otherwise adequately represent the Clients."  (*Id.*)  As explained below, the Court will reset the hearing and require supplemental filings.

As an initial matter, counsel set the motion to withdraw for a hearing on January 30, 2026 at 10:00 AM, before the undersigned. However, under Local Rule 230(b), a motion is not be heard "less than thirty-five (35) days after service and filing of the motion." L.R. 230(b). Accordingly, the hearing will be reset on a date compatible with the undersigned's calendar.

Local Rule 182(d) governs withdraw of counsel in these circumstances:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. **The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.** Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

E.D. Cal. LR 182(d) (emphasis added).

The motion here is supported by the declaration of Attorney Lance E. Armo. (ECF No. 48-2.) However, the declaration does not state the current or last known address(es) of any of the Clients and provides only their email addresses on the accompanying proofs of service. (*Id.*, pp. 2-4). Additionally, the declaration fails to specifically and in detail present the efforts made by counsel to notify Clients of the motion to withdraw, stating only that counsel "has satisfied the service requirements of Rule 5 of the Federal Rules of Civil Procedure in serving all parties with the notion of motion, memorandum of points and authority, declaration of Lance E. Armo, and the proposed order." (ECF No. 48-3, p. 2.)  The Court requires further information to determine

whether Attorney Armo has provided adequate notice of his withdrawal to the Clients. *See Lanier v. City of Fresno*, No. 1:10-CV-01120-LJO, 2011 WL 5118526, at *1 (E.D. Cal. Oct. 27, 2011) (finding motion to withdraw fails to meet the requirements of L.R. 182(d) where counsel fails to detail efforts to notify plaintiff in his declaration or affidavit); *see also M.H. by & through Arterberry v. Kern High Sch. Dist.*, No. 1:23-CV-00531-KES-CDB, 2024 WL 1623398, at *1 (E.D. Cal. Apr. 15, 2024) (under Cal. R. Prof. Conduct 1.16(d), counsel shall not terminate representation until "tak[ing] reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.")

Accordingly, the Court will require counsel to file a supplemental affidavit satisfying the requirements of Local Rule 182(d).

The Court will require counsel to serve a copy of the original notice of motion, memorandum of points and authorities, declaration of Lance E. Armo, and proposed order, as well as this order and counsel's supplemental filings on each Client. Counsel is instructed to file proof of such service on the docket.

Lastly, the Court notes that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994). Accordingly, if their current counsel is permitted to withdraw, MGHA Restaurants, Inc. and MSB Main Street Inc. will need to retain new counsel to litigate any matters in this case. According to Plaintiff's complaint, several of the individuals named as defendants are shareholders of MGHA Restaurants, Inc. or MSB Main Street Inc. (Doc. 1, pp. 2-3). To the extent any individuals named as defendants choose to represent themselves *in propria persona*, they are cautioned that they are unable to represent any corporate or unincorporated entities. *Webb v. Uship*, No. 2:25-CV-2043-DJC-AC-PS, 2025 WL 2709730, at *3 (E.D. Cal. Sept. 23, 2025) ("Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities *in pro se*.")

Accordingly, IT IS ORDERED as follows:

1. The January 30, 2026 hearing is reset to **Friday, March 20, 2026, at 10:00 a.m.** before

3

the undersigned.

2. Each person participating is directed to use the following dial-in number and passcode: (1) dial 1-669-254-5252, (2) enter 161 733 0675 for the meeting ID followed by #, (3) enter # when asked for the participant ID, (4) enter 740484 for the meeting passcode followed #, and (5) enter *6 to unmute.  The hearing will proceed by telephone, unless any party requests in person appearance.  To request in-person appearance, the parties shall email fnavarro@caed.uscourts.gov no later than 24 hours before the hearing.

3. By no later than **February 10, 2026**, counsel shall file a supplemental affidavit providing all information required under E.D. Cal. LR 182(d), including the current or last known address(es), and any additional contact information, for Defendants and Cross-Defendants MGHA Restaurants, Inc., MSB Main Street Inc., Mosa Gazali, Husein Alamoodi, Khalid Abdulqawai, Omar Abdulqawai, Waleed Abdulqawi, and Hafed Alwajih. Counsel shall also provide the efforts made to notify the Clients of this motion to withdraw.

4. By no later than **February 10, 2026**, counsel shall file proof of service **by U.S. mail** of the original notice of motion, memorandum of points and authorities, declaration of Lance E. Armo, and proposed order as well as counsel's supplemental affidavit and this order to each of the Clients. Additionally, if counsel files any other documents, each document must likewise be served on each Client with an accompanying proof of service by U.S. mail.

IT IS SO ORDERED.

Dated:    **January 27, 2026**                    /s/ _Eric P. Grossi_

UNITED STATES MAGISTRATE JUDGE

4