UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYBACK FRANCHISING LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MGHA RESTAURANTS, INC., et al.,<br><br>　　　　　　Defendants.<br><br>_____<br><br>GM FARM HOLDINGS, LLC,<br><br>　　　　　　Crossclaimant,<br><br>　　v.<br><br>DANA BUTCHER ASSOCIATES, et al.,<br><br>　　　　　　Cross-Defendants. | Case No.　1:25-cv-00318-KES-FRS (EPG)<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(Doc. 48)<br><br>**THIRTY DAY DEADLINE** |

This matter is before the Court on the motion of the Law Office of Lance E. Armo to be relieved as attorney of record for Defendants and Cross-Defendants MGHA Restaurants, Inc., MSB Main Street Inc., Mosa Gazali, Husein Alamoodi, Khalid Abdulqawai, Omar Abdulqawai, Waleed Abdulqawi, and Hafed Alwajih (collectively, "Clients").  (Doc. 48 at 2.)  Having

1

considered the moving papers, the lack of opposition by any party, and the case on file, the Court finds this matter suitable for decision without oral argument.  *See* L.R. 230(g).  Accordingly, the previously scheduled hearing set for March 20, 2026 will be vacated and the parties will not be required to appear at that time.  For the reasons discussed herein, the Court deems it appropriate to grant Counsel's motion.

**I.**

**BACKGROUND**

Plaintiffs initiated this action on March 17, 2025.  (Doc. 1.)  On May 20, 2025, Defendant and Cross-Claimant GM Farm Holdings, LLC filed its answer and crossclaim, naming several Clients as Cross-Defendants.  (Docs. 15, 16.)

On January 23, 2026, Lance E. Armo of the Law Office of Lance E. Armo filed a motion to withdraw as counsel of record.  (Doc. 48.)  On January 27, 2026, the Court ordered Attorney Armo to (1) file a supplemental declaration that states the current or last known address(es) of the Clients and present the efforts made by Counsel to notify Clients of the motion to withdraw, and (2) file proof of service by U.S. mail of the motion and related papers as well as Counsel's supplemental affidavit and the Court's January 27, 2026 order.  (Doc. 50.)

On February 18, 2026, Counsel filed his supplemental declaration in response to the Court's order.  (Doc. 52.)  On February 19, 2026 and February 24, 2026, Defendant and Cross-Claimant GM Farm Holdings, LLC and Plaintiff Wayback Franchising, LLC filed statements of non-opposition to Counsel's motion to withdraw.  (Docs. 53, 54.)  No other party has filed a statement, and time to do so has passed.

As grounds for the motion to withdraw, Attorney Armo contends that "a breakdown of the attorney-client relationship has taken place between Clients and their counsel of record."  (Doc. 48-1 at 2.)  Attorney Armo further contends that the Clients have been served with discovery and other requests from counsel for the other named parties, but Clients "continuously fail to answer/return phone calls, text messages, emails, and regular mail."  (*Id.*)  Attorney Armo states that "[p]ursuant to Clients' failure to communicate or respond to their counsels' numerous messages, counsel is unable to assist in resolving this matter, timely responding to discovery

demands, propounding discovery, or otherwise adequately represent the Clients." (*Id.*)

## II.

## LEGAL STANDARD

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules for the United States District Court, Eastern District of California. *See* L.R. 182; *L.S. ex rel. R.S. v. Panama Buena Vista Union Sch. Dist.*, No. 1:12-CV-00744 LJO, 2012 WL 3236743, at *1 (E.D. Cal. Aug. 6, 2012). In the Eastern District of California, attorneys representing parties to a civil case are subject to this Court's Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d); *see also Thomas v. Experian Info. Sols., Inc.*, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (determining decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court).

The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the permission of such court. Cal. R. Prof. Conduct 1.16(c). In addition, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules. Cal. R. Prof. Conduct 1.16(d).

3

As noted above, the decision to grant counsel's motion to withdraw is within the discretion of the trial court. *Thomas*, 2014 WL 7359180, at *1; *Canandaigua*, 2009 WL 89141 at *1. "In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1. Additionally, "[l]eave to withdraw may be granted subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

## III.

## DISCUSSION

The Court will first consider the reasons why withdrawal is sought. *Canandaigua*, 2009 WL 89141 at *1. Counsel states that "a breakdown of the attorney-client relationship has taken place between Clients and their counsel of record." (Doc. 48-1 at 2.) Counsel further provides that:

> Clients have been served with discovery in this matter, along with other matters/requests from counsel for other named parties. Clients continuously fail to answer/return phone calls, text messages, emails, and regular mail. Pursuant to Clients' failure to communicate or respond to their counsels' numerous messages, counsel is unable to assist in resolving this matter, timely responding to discovery demands, propounding discovery, or otherwise adequately represent the Clients.

(*Id.* at 2.) In Counsel's supplemental declaration, Counsel reiterates that "[t]here continues to be a breakdown of the attorney-client relationship along with lack of ability to effectively communicate with my clients which hinders my ability to adequately represent them and obtain a resolution of this matter." (Doc. 52 ¶ 5.) Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." *M.H. by & through Arterberry v. Kern High Sch. Dist.*, No. 1:23-CV-00531-KES-CDB, 2024 WL 1623398, at *1 (E.D. Cal. Apr. 15, 2024) (citing Cal. R. Prof. Conduct 1.16(b)(4)). Given these facts, this factor weighs in favor of granting withdrawal.

The Court will next consider the prejudice withdrawal may cause other litigants, harm to the administration of justice, and the degree to which withdrawal will delay the resolution of the

4

case. *Canandaigua*, 2009 WL 89141 at *1. Counsel represents that the lack of communication from Clients has rendered him unable to assist in resolving this action, respond in a timely way to discovery demands, or propound discovery. (Doc. 48-1 at 2.) Defendant and Counterclaimant GM Farm Holdings, LLC and Plaintiff Wayback Franchising, LLC have filed statements of non-opposition to Counsel's motion. (Docs. 53, 54.) No other party has filed an opposition. Given these facts, these factors weighs in favor of granting withdrawal.

Accordingly, having considered the moving papers and record in this action, the Court finds good cause to permit withdrawal under the California Rules of Professional Conduct as it appears a breakdown in the attorney-client relationship has occurred. Further, Counsel has complied with the notice requirements set forth by Local Rule 182(d) as they served the Clients with the motion to withdraw and related papers by mail and email. (Docs. 48-2, 52 ¶ 2.) *See M.H. by & through Arterberry*, 2024 WL 1623398, at *2 (finding counsel complied with L.R. 182(d)'s notice requirements where counsel served plaintiffs with the motion by mail and email). Attorney Armo states that since service of the motion on each client, he has "finally heard from each client and have confirmed their receipt of such motion papers." (Doc. 52 ¶ 2.) Attorney Armo further provides that he called each client by telephone and informed them of the reason of his firm's withdrawal. (*Id.* ¶ 3.) The Court finds that Counsel has demonstrated good cause for withdrawal as attorney of record in light of factors outlined above.

## IV.

## ORDER

For the reasons stated above, it IS HEREBY ORDERED that:

1.  The motion to withdraw as counsel for Defendants/Cross-Defendants MGHA Restaurants, Inc., MSB Main Street, Inc., Mosa Gazali, Husein Alamoodi, Khalid Abdulqawai, Omar Abdulqawai, Waleed Abdulqawi, and Hafed Alwajih (Doc. 48) is **GRANTED**;

2.  The hearing for March 20, 2026 is VACATED;

3.  The Clerk of Court is DIRECTED to relieve the Law Office of Lance E. Armo as attorney of record for Defendants/Cross-Defendants MGHA Restaurants, Inc., MSB

Main Street, Inc., Mosa Gazali, Husein Alamoodi, Khalid Abdulqawai, Omar Abdulqawai, Waleed Abdulqawi, and Hafed Alwajih and substitute Mosa Gazali, Husein Alamoodi, Khalid Abdulqawai, Omar Abdulqawai, Waleed Abdulqawi, and Hafed Alwajih *in propria persona* in place and stead of the Law Office of Lance E. Armo.  If any of these individuals or entities intends to retain new counsel, that counsel must **promptly** file a notice of appearance in this action.

4.    The Clerk of the Court is directed to update the docket with the contact information of Husein Alamoodi at his last known address:

PO Box 12465,

Fresno, California 93778

amoodih@yahoo.com

5.    The Clerk of the Court is directed to update the docket with the contact information of Khalid Abdulqawi at his last known address:

6493 Riverside Dr.,

Fresno, CA 93722

khalidabdul47@yahoo.com

6.    The Clerk of the Court is directed to update the docket with the contact information of Mosa Gazali at his last known address:

PO Box 12465,

Fresno, CA 93778

westviewpropcorp@gmail.com

7.    The Clerk of the Court is directed to update the docket with the contact information of Omar Abdulqawi at his last known address:

6493 N. Riverside Dr.,

Fresno, CA 93722

Omar25abdulqawi@gmail.com

8.    The Clerk of the Court is directed to update the docket with the contact information of Waleed Abdulqawi at his last known address:

6

6493 N. Riverside Dr.,

Fresno, CA 93722

kfcjemwaleed@gmail.com

9.   The Clerk of the Court is directed to update the docket with the contact information of Hafed Alwajih at his last known address:

3858 E. Ventura Ave,

Fresno, CA 93702

halwajih1958@gmail.com

10.  MGHA Restaurants, Inc. and MSB Main Street, Inc. are instructed to file a status report within **thirty (30) days** updating the Court on their efforts to retain new counsel, and are warned that **failure to comply with this order, the Local Rules, and the Federal Rules of Civil Procedure may be grounds for judgment by default or any other sanction appropriate under the Local Rules (L.R. 110, 183(a))**;

11.  Each Defendant/Counter-Defendant listed above is advised that pursuant to Local Rules 182(f) and 183(b) they are under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number; and

12.  Withdrawing Counsel SHALL provide a copy of this order to the Clients within **seven (7) days** of this order.

IT IS SO ORDERED.

Dated:   **March 16, 2026**                    /s/ _Eric P. Groig_
                                              UNITED STATES MAGISTRATE JUDGE

7