UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYBACK FRANCHISING LLC,<br><br>Plaintiff,<br><br>v.<br><br>MGHA RESTAURANTS, INC., et al.,<br><br>Defendants. | Case No. 1:25-cv-00318-KES-FJS<br><br>ORDER TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED AGAINST KHALID ABDULQAWAI<br><br>(ECF No. 55)<br><br>THRITY (30) DAY DEADLINE |

On January 23, 2026, counsel for Defendant Khalid Abdulqawai moved for an order to be relieved of counsel. (ECF No. 48.) On March 16, 2026, the court granted counsel's motion to be relieved and advised Defendant that "pursuant to Local Rules 182(f) and 183(b) they are under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number." (ECF No. 55 at 7.) Since March 16, 2026, Defendant has been proceeding *pro se* in this trademark action. On April 6, 2026, service of an order on Defendant at his last known address—6493 Riverside Drive, Fresno, CA 93722—was returned by the U.S. Postal Service as "Undeliverable, Return to Sender." On May 4, 2026, Plaintiff Wayback Franchising, LLC, and Defendants GM Farm Holdings, LLC, and Dana Butcher Associates e-mailed chambers and requested a status conference. Pending the response to this order, the court holds this request for a status conference in abeyance.

The Local Rules provide that a "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address … Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Local Rule 182(f).

The Local Rules also provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). This includes the inherent authority to enter default judgment when a party fails to obey a court order. *See In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as a proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders).

Rule 55(a) of the Federal Rules of Civil Procedure requires that the clerk of the court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Accordingly, <u>Defendant Abdulqawai is ORDERED to show cause within thirty (30) days of the date of service of this order</u> why default judgment should not be entered against him for failure to comply with the court's March 16, 2026, order (ECF No. 55) and failure to defend this action. Alternatively, within that same time, Defendant Abdulqawai may file a status report updating the court and stating his position on Plaintiff's request for a status conference. The clerk of the court is directed to serve a copy of this order on Defendant Abdulqawai at his last known address and e-mail address.

IT IS SO ORDERED.

Dated:   **May 6, 2026**   

_____

UNITED STATES MAGISTRATE JUDGE

2