UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYBACK FRANCHISING LLC,<br><br>Plaintiff,<br><br>v.<br><br>MGHA RESTAURANTS, INC., et al.,<br><br>Defendants. | Case No. 1:25-cv-00318-KES-FJS<br><br>ORDER TO SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED AGAINST MGHA RESTAURANTS, INC.<br><br>(ECF No. 55)<br><br>THRITY (30) DAY DEADLINE |

Defendant MGHA Restaurants, Inc., is a terminated California corporation in this trademark action. On January 23, 2026, counsel for Defendant moved for an order to be relieved of counsel. (ECF No. 48.) On March 16, 2026, the court granted counsel's motion to be relieved and ordered Defendant to file a status report in thirty (30) days "updating the Court on their efforts to retain new counsel" and warning Defendant that "failure to comply with this order, the Local Rules, and the Federal Rules of Civil Procedure may be grounds for judgment by default or any other sanction appropriate under the Local Rules (L.R. 110, 183(a))." (ECF No. 55 at 7.) Defendant MGHA Restaurants, Inc. has not filed a status report. On May 4, 2026, Plaintiff Wayback Franchising, LLC, and Defendants GM Farm Holdings, LLC, and Dana Butcher Associates e-mailed chambers and requested a status conference. Pending the response to this order, the court holds this request for a status conference in abeyance.

Local Rule 183 holds that "[a] corporation or other entity may appear only by an attorney." Business entities other than sole proprietorships must be represented by counsel and cannot proceed pro se. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993).

The Local Rules provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). This includes the inherent authority to enter default judgment when a party fails to obey a court order. *See In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304-06 (11th Cir. 2006) (upholding entry of default judgment as a proper use of court's inherent authority where party failed to respond to court orders, failed to appear before the court, and failed to engage in court-ordered discovery); *Thomas, Head, & Griesen Employees Trust v. Buster*, 95 F.3d 1449, 1457-59 (9th Cir. 1996) (upholding entry of default judgment based on inherent authority where party completely ignored the terms of an injunctive order and other court orders).

Rule 55(a) of the Federal Rules of Civil Procedure requires that the clerk of the court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

Accordingly, Defendant MGHA Restaurants, Inc. is ORDERED to show cause within thirty (30) days of the date of service of this order why default judgment should not be entered against it for failure to comply with the court's March 16, 2026, order (ECF No. 55), failure to defend this action, and failure to retain new counsel. Alternatively, within that same time, Defendant MGHA Restaurants, Inc. may file a status report through its new counsel updating the court and stating its position on Plaintiff's request for a status conference.

IT IS SO ORDERED.

Dated:   **May 6, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2