# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYBACK FRANCHISING LLC,<br><br>Plaintiff,<br><br>v.<br><br>MGHA RESTAURANTS, INC, et al.<br><br>Defendants. | Case No. 1:25-cv-00318-KES-FJS<br><br>ORDER GRANTING MOTION FOR NON-APPEARANCE FOR DEFENDANT DANA BUTCHER ASSOCIATES' INSURANCE CARRIER<br><br>(ECF No. 72) |

An in-person settlement conference is set for June 22, 2026, at 9:30 a.m. in Courtroom 9 before the undersigned.  (ECF No. 62.)  On June 12, 2026, Defendant Dana Butcher Associates filed a motion requesting that its insurance carrier, The Hanover Insurance Group, be excused from in-person appearance at the settlement conference.  (ECF No. 72.).  The Court previously denied both counsel and its representative on June 5 from appearing remotely. (ECF No. 66).

The Court notes that the motion provides little detail regarding the insurance carrier's inability to attend in person, absent a statement that it is located in Illinois.  The Court is not persuaded that this fact alone justifies non-appearance.  The motion further represents that Defendant's counsel will be present at the settlement conference and has been authorized with "full settlement authority."  However, it is unclear whether such authority is subject to any limitations or whether counsel is acting on behalf of both the corporation and the insurance carrier.

Nevertheless, because the motion is unopposed, the Court GRANTS Defendant's request. Counsel is advised that if, during the settlement conference, the Court determines, at its sole discretion, that counsel does not possess full and unrestricted settlement authority, the Court will impose sanctions for the representation provided to the Court.  This sanction would include any fees and costs associated with the parties' attendance at the June 22 settlement conference.  The Court interprets full authority to mean without any limitations on the amount willing to pay consistent with the Court's order of May 28, 2026 ("[t]he attorneys who will try the case shall appear at the Settlement Conference with the parties and **the person or persons** having **full authority** to negotiate and settle the case **on any terms** at the conference.")(ECF No. 62).  If that is not the interpretation of Counsel, then the insurance representative must personally appear to avoid potential sanctions and reimbursement of parties' fees and costs.

IT IS SO ORDERED.

Dated:   **June 18, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2